IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOPAY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 05-25-SLR |
| SOLIDUS NETWORKS, INC. | ) |
| d/b/a PAY BY TOUCH, and | ) |
| INDIVOS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**BIOPAY, LLC'S REPLY AND DEFENSES TO
SOLIDUS NETWORKS, INC. d/b/a PAY BY TOUCH'S AND
<u>INDIVOS CORPORATION'S COUNTERCLAIM</u>**

Counterclaim Defendant BioPay, LLC ("BioPay") responds to the Counterclaim as follows:

1. BioPay admits the allegations contained within Paragraph 1 of the Defendants' Counterclaim.

2. BioPay admits the allegations contained within Paragraph 2 of the Defendants' Counterclaim.

3. BioPay admits the allegation contained within Paragraph 3 of the Defendants' Counterclaim that it is organized under the laws of Virginia with a principal place of business at 580 Herndon Parkway, Suite 100, Herndon, Virginia 20170, but denies that is a corporation, and answering further states that it is a Limited Liability Company.

*Jurisdiction and Venue*

4. BioPay admits the allegations contained within Paragraph 4 of the Defendants' Counterclaim.

5. BioPay admits the allegations contained within Paragraph 5 of the Defendants' Counterclaim.

6. BioPay admits the allegations contained within Paragraph 6 of the Defendants' Counterclaim.

*Background*

7. BioPay is without information sufficient to form a belief as to the truth of the allegations contained within Paragraph 7 of the Defendants' Counterclaim and, therefore, denies the same.

8. BioPay is without information sufficient to form a belief as to the truth of the allegations contained within Paragraph 8 of the Defendants' Counterclaim and, therefore, denies the same.

9. BioPay admits that it has developed and is using, offering for sale and selling biometric payment services, but denies the remaining allegations in the first sentence of Paragraph 9 of the Defendants' Counterclaim. BioPay admits that it began offering a service then known as bCheck, and that it provides this service at merchant locations across the United States, but answering further states that the service began in April, 2003 and that this service is no longer known as bCheck but is referred to as BioPay.

10. BioPay admits the allegations contained within the first sentence of Paragraph 10 of the Defendants' Counterclaim but denies the remaining allegations contained within Paragraph 10 of the Defendants' Counterclaim.

11. BioPay admits that on its face the '042 patent appears to be titled as stated in Paragraph 11 of the Defendants' Counterclaim, but is without knowledge or

2

information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 11 of the Defendants' Counterclaim and, therefore, denies the same.

12. BioPay is without knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of the Defendants' Counterclaim and, therefore, denies the same.

13. BioPay admits that on its face the '397 patent appears to be titled as stated in Paragraph 13 of the Defendants' Counterclaim, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 13 of the Defendants' Counterclaim and, therefore, denies the same.

14. BioPay admits the allegations contained within Paragraph 14 of the Defendants' Counterclaim.

15. BioPay admits the allegations contained within Paragraph 15 of the Defendants' Counterclaim.

16. BioPay admits that on its face the '723 patent appears to be titled as stated in Paragraph 16 of the Defendants' Counterclaim, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 16 of the Defendants' Counterclaim and, therefore, denies the same.

17. BioPay is without knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of the Defendants' Counterclaim and, therefore, denies the same.

18. BioPay admits that on its face the '682 patent appears to be titled as stated in Paragraph 18 of the Defendants' Counterclaim, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 18 of the Defendants' Counterclaim and, therefore, denies the same.

19. BioPay is without knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 19 of the Defendants' Counterclaim and, therefore, denies the same.

20. BioPay admits that on its face the '376 patent appears to be titled as stated in Paragraph 20 of the Defendants' Counterclaim, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 20 of the Defendants' Counterclaim and, therefore, denies the same.

21. BioPay is without knowledge sufficient to form a belief as to the truth of the allegations contained within Paragraph 21 of the Defendants' Counterclaim and, therefore, denies the same.

**COUNT I - INFRINGEMENT OF UNITED STATES PATENT NO. 6,581,042**

22. BioPay denies the allegations contained within Paragraph 22 of the Defendants' Counterclaim.

23. BioPay denies the allegations contained within Paragraph 23 of the Defendants' Counterclaim.

24. BioPay denies the allegations contained within Paragraph 24 of the Defendants' Counterclaim.

25. BioPay denies the allegations contained within Paragraph 25 of the Defendants' Counterclaim.

## COUNT II - INFRINGEMENT OF UNITES STATES PATENT NO. 6,728,397

26. BioPay denies the allegations contained within Paragraph 26 of the Defendants' Counterclaim.

27. BioPay denies the allegations contained within Paragraph 27 of the Defendants' Counterclaim.

28. BioPay denies the allegations contained within Paragraph 28 of the Defendants' Counterclaim.

29. BioPay denies the allegations contained within Paragraph 29 of the Defendants' Counterclaim.

## COUNT III - INFRINGEMENT OF UNITES STATES PATENT NO. 5,870,723

30. BioPay denies the allegations contained within Paragraph 30 of the Defendants' Counterclaim.

31. BioPay denies the allegations contained within Paragraph 31 of the Defendants' Counterclaim.

32. BioPay denies the allegations contained within Paragraph 32 of the Defendants' Counterclaim.

33. BioPay denies the allegations contained within Paragraph 33 of the Defendants' Counterclaim.

## COUNT IV - INFRINGEMENT OF UNITED STATES PATENT NO. 6,366,682

34. BioPay denies the allegations contained within Paragraph 34 of the Defendants' Counterclaim.

35. BioPay denies the allegations contained within Paragraph 35 of the Defendants' Counterclaim.

36. BioPay denies the allegations contained within Paragraph 36 of the Defendants' Counterclaim.

37. BioPay denies the allegations contained within Paragraph 37 of the Defendants' Counterclaim.

**COUNT V - INFRINGEMENT OF UNITED STATES PATENT NO. 6,594,376**

38. BioPay denies the allegations contained within Paragraph 38 of the Defendants' Counterclaim.

39. BioPay denies the allegations contained within Paragraph 39 of the Defendants' Counterclaim.

40. BioPay denies the allegations contained within Paragraph 40 of the Defendants' Counterclaim.

41. BioPay denies the allegations contained within Paragraph 41 of the Defendants' Counterclaim.

**DEFENSES**

*First Defense*

Upon information and belief, the claims of each patent sued upon in the Defendants' Counterclaim, specifically the '042 Patent, the '397 Patent, the '723 Patent, the '682 Patent, and the '376 Patent are invalid for failure to meet one or more of the requirements of patentability of United States Code, Title 35, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

*Second Defense*

Upon information and belief, BioPay has never directly infringed the '042 Patent, the '397 Patent, the '723 Patent, the '682 Patent, or the '376 Patent, and has never contributed to or induced infringement of the '042 Patent, the '397 Patent, the '723 Patent, the '682 Patent, or the '376 Patent.

## COUNTERCLAIM

BioPay repeats and realleges the allegations in its Complaint and its responses to the Defendants' Counterclaim.

## COUNT I
### (Invalidity)

1.  Upon information and belief, the claims of the '723 patent, the '682 patent, and the '376 patent are invalid for failure to meet one or more of the requirements of patentability of United States Code, Title 35, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

2.  BioPay is entitled to a declaration that the '723 patent, the '682 patent, and the '376 patents are void or invalid.

## COUNT II
### (Noninfringement)

3.  Upon information and belief, BioPay has never directly infringed the '723 patent, the '682 patent, or the '376 patent, and has never contributed to or induced infringement of the '723 patent, the '682 patent, or the '376 patent.

4.  BioPay is entitled to a declaration that it has never directly infringed (and is not directly infringing) the '723 patent, the '682 patent, or the '376 patent, and

7

has never contributed to or induced infringement of (and is not contributorily infringing or inducing infringement of) the '723 patent, the '682 patent, or the '376 patent.

## PRAYER FOR RELIEF

WHEREFORE, BioPay requests that this Court grant BioPay the following relief on its Counterclaim:

a. Enter a declaratory judgment that U.S. Patent Nos. 5,870,723, 6,366,682 and 6,594,376 are invalid;

b. Enter a declaratory judgment that BioPay has never directly infringed (and is not directly infringing) the '723 Patent, the '682 Patent, or the '376 Patent, and has never contributed to or induced infringement of (and is not contributorily infringing or inducing infringement of) the '723 Patent, the '682 Patent, or the '376 Patent;

c. Declare this case exceptional and award BioPay its attorneys' fees, costs and expenses incurred in this lawsuit pursuant to inter alia, 35 U.S.C. § 285; and/or

d. Award such additional and alternative relief as this Court deems just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff respectfully demands a trial by jury on all issues that are properly triable to a jury in this action.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| James G. Goggin, Esq.<br>VERRILL DANA, LLP<br>One Portland Square<br>PORTLAND, ME  04101<br>(207) 253-4602 | By: _/s/ Richard L. Horwitz_<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P. O. Box 951<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |
| George P. Field, Esq.<br>VERRILL DANA, LLP<br>One Boston Place<br>Suite 2330<br>Boston, MA 02108<br>(617) 367-0929 | |
| Dated:  March 14, 2005 | *Attorneys for Plaintiff* |

673888

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on March 14, 2005, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

M. Duncan Grant, Esquire
Pepper Hamilton LLP
1313 Market Street
Suite 5100
P.O. Box 1709
Wilmington, DE 19899

I hereby certify that on March 14, 2005, I have Federal Expressed the documents to the following non-registered participants:

W. Joseph Melnik, Esquire
Pepper Hamilton LLP
One Mellon Center
500 Grant Street
50th Floor
Pittsburgh, PA 15219

By: /s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

673890