## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOPAY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-025 SLR |
| | ) | |
| SOLIDUS NETWORKS, INC. d/b/a PAY BY | ) | |
| TOUCH, and INDIVOS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### SOLIDUS NETWORKS, INC. d/b/a PAY BY TOUCH'S and INDIVOS CORPORATION'S ANSWER TO PLAINTIFF'S COUNTERCLAIM AND JURY DEMAND

Defendants Solidus Networks, Inc. d/b/a Pay By Touch ("Pay By Touch") and Indivos Corporation ("Indivos") (Pay By Touch and Indivos collectively referred to as "Defendants") hereby answer the Counterclaim filed by Plaintiff, BioPay, LLC ("BioPay" or "Plaintiff") as follows:

### COUNT I
### (Invalidity)

1.     Upon information and belief, the claims of the '723 patent, the '682 patent, and the '376 Patent are invalid for failure to meet one or more of the requirements of patentability of United States Code, Title 35, including without limitation those requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

**Answer:**  Defendants deny the allegations of paragraph 1.

2.     BioPay is entitled to a declaration that the '723 patent, the '682 patent, and the '376 patent are void or invalid.

**Answer:**  Defendants deny the allegations of paragraph 2.

## COUNT II
### (Noninfringement)

3.     Upon information and belief, BioPay has never directly infringed the '723 patent, the '682 patent, or the '376 patent, and has never contributed to or induced infringement of the '723 patent, the '682 patent, or the '376 patent.

**Answer:** Defendants deny the allegations of paragraph 3.

4.     BioPay is entitled to a declaration that it has never directly infringed (and is not directly infringing) the '723 patent, the '682 patent, or the '376 patent, and has never contributed to or induced infringement of (and is not contributorily infringing or inducing infringement of) the '723 patent, the '682 patent, or the '376 patent.

**Answer:** Defendants deny the allegations of paragraph 4.

## FIRST AFFIRMATIVE DEFENSE

By including a "counterclaim" in its reply to the Defendants' counterclaim, Plaintiff has improperly put the pleadings into a state of confusion. Such confusion will create difficulties for the jury in understanding which party has the burden of proof on which issues, and the "counterclaim" pleaded by the Plaintiff in reply to the Defendants' counterclaim is thus improper. Although some courts have held in certain narrow circumstances that it is not always improper to include a "counterclaim" in a reply to a counterclaim, the courts have also recognized that it is clearly not a good practice to do so. The Defendants have urged Plaintiff to withdraw its "counterclaim" and to file an amended complaint, but Plaintiff has thus far refused to do so, and has further refrained from expressing a reason for its position. The reordering of the pleadings requested by the Defendants would assist the Court and the jury in understanding the issues in the case, would simplify matters, and would put the pleadings into the condition envisioned by the Federal Rules of Civil Procedure. The Defendants reserve the right to move to strike the Plaintiff's "counterclaim" at an appropriate stage of the litigation.

WHEREFORE, Pay By Touch and Indivos request that the Court enter judgment in their favor with respect to Plaintiff's claims in the Complaint and Counterclaim as follows:

a.      Granting judgment in favor of Pay By Touch and Indivos, and dismissing, with prejudice, all claims asserted by Plaintiff in the Complaint;

b.      Finding and declaring that United States Patent No. 5,870,723 is valid and enforceable.

c.      Finding and declaring that United States Patent No. 6,366,682 is valid and enforceable.

d.      Finding and declaring that United States Patent No. 6,594,376 is valid and enforceable.

e.      Granting such other and further relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

Defendants, Pay By Touch and Indivos, demand a trial by jury of any and all issues triable of right by a jury.

PT: #214966 v1 (4LV@01!.DOC)

OF COUNSEL:

W. Joseph Melnik
PEPPER HAMILTON LLP
One Mellon Center
500 Grant Street
50th Floor
Pittsburgh, PA 15219
(412) 454-5000


Dated:  April 4, 2005

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE  19899-1709
Grantm@pepperlaw.com
(302) 777-6500

Attorneys for Defendants
Solidus Networks, Inc. d/b/a Pay By Touch
and Indivos Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BIOPAY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-025 SLR |
| | ) | |
| SOLIDUS NETWORKS, INC. d/b/a PAY BY | ) | |
| TOUCH, and INDIVOS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2005, I electronically filed Solidus Networks, Inc., d/b/a Pay by Touch's and Indivos Corporation's Answer to Plaintiff's Counterclaim and Jury Demand with the Clerk of Court using CM/ECF which will send notification of such filing to counsel as set forth below.

> Richard L. Horwitz, Esq.
> David E. Moore, Esq.
> Potter, Anderson & Corroon LLP
> Hercules Plaza
> P.O. Box 951
> Wilmington, DE 19899-0951
>
> James G. Goggin, Esq.
> VERRILL DANA, LLP
> One Portland Square
> Portland, ME 04101
>
> George P. Field, Esq.
> VERRILL DANA, LLP
> One Boston Place
> Suite 2330
> Boston, MA 02108

/s/ M. Duncan Grant
M. Duncan Grant (Del. Bar No. 2994)
PEPPER HAMILTON LLP
1313 Market Street, Suite 5100
P.O. Box 1709
Wilmington, DE 19899-1709
Grantm@pepperlaw.com
(302) 777-6500

Attorneys for Defendants
Solidus Networks, Inc. d/b/a Pay By Touch
and Indivos Corporation