UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOPAY, LLC, | ) |
|         Plaintiff, | ) |
| v. | ) C.A. No. 05-25-SLR |
| SOLIDUS NETWORKS, INC. d/b/a PAY BY TOUCH, and INDIVOS CORPORATION, | ) |
|         Defendants. | ) |

## SCHEDULING ORDER

This _____ day of May 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26 (f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

**1. Pre-Discovery Disclosures.** The parties have exchanged on May 6, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

**2. Discovery.**

    (a) Discovery will be needed on the following subjects:

        (i) Ownership of the patents-in-suit

        (ii) Infringement/Non-infringement;

        (iii) Validity/Invalidity;

        (iv) Enforceability/Unenforceability and

        (v) Damages; and

        (vi) Willfulness/Nonwillfullness.

The above list of subjects is for the Court's planning purposes only and is not necessarily exclusive and will not form the basis for any restriction on subjects on which discovery shall be permitted. The above list is also not an indication or finding by the Court that any particular discovery is (or is not) relevant or permissible.

(b) All fact discovery shall be commenced in time to be completed by April 6, 2006.

(1) Document production shall be completed on or before September 8, 2005.

(2) Maximum of 50 interrogatories by each side to the other side.

(3) Maximum of 60 requests for admission by each party to any other party.

(4) Pursuant to the District's Default Standard for Discovery of Electronic Documents ("E-Discovery"), the parties in this case are working towards an agreement regarding how to conduct e-discovery.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 15 fact depositions by plaintiff (s) and 15 by defendant(s). Each fact deposition (other than Rule 30(b)(6) witnesses directed toward documents) is limited to a maximum of 7 hours unless extended by agreement of parties.

(c) Expert discovery shall be commenced in time be completed by August 3, 2006.

  (1) Expert reports on issues for which the parties have the burden of proof due April 20, 2006. Rebuttal expert reports due May 18, 2006.

  (2) Expert depositions to be limited to a maximum of 14 hours each unless extended by agreement of the parties.

  (3) All <u>Daubert</u> motions shall be filed on or before September 7, 2006.

 (d) Supplementations under Rule 26(e) due November 17, 2005 and June 8, 2006.

 (e) **Discovery Disputes.**

  (1) The court shall conduct in-person discovery status conferences on October 17, 2005 from 4:30 p.m. to 5:30 p.m., and on May 8, 2006 from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties.

  (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

  (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

 (f) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this

3

case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

    3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before August 4, 2005.

    4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

    5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on October 14, 2005, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

    6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before September 7, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2, except for the schedule listed immediately below. Answering briefs should be filed by September 28, 2006 and replies by October 5, 2006. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

    7. **Claim Construction.** The parties shall agree upon and file the Joint Claim Construction Statement on August 16, 2006, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on September 7, 2006. Simultaneous response briefs should be filed by September 28, 2006.

Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion. The hearing on the Claim Construction and Motion for Summary Judgment will be heard on November 16, 2006 at 3:00 p.m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on January 16, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a two week jury trial commencing on January 29, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties

should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

682299 / 28439