**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BIOPAY, LLC, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-25-SLR |
| | ) |
| SOLIDUS NETWORKS, INC. | ) |
| d/b/a PAY BY TOUCH, and | ) |
| INDIVOS CORPORATION, | ) |
| | ) |
|       Defendants. | ) |

## CONSENT CONFIDENTIALITY ORDER

The parties to the Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** The term "Designating Party" refers to a party to this lawsuit (including any of its subsidiaries, parents, or affiliates) or any third party making a confidentiality designation of a document subject to this Order. A Designating Party may designate material for protection under this Protective Order as either "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with the

terms of this Protective Order. Material bearing either such designation under this Protective Order is referred to hereinafter as "Confidential Information." A party to this lawsuit may increase the confidentiality designation of documents or other things produced by a third party either by reviewing the material with the third party before production, or by notifying all recipients that the designation is to be increased to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, as the case may be. No third party designation may be decreased by a party to this lawsuit without the written consent of the third party. Any recipients of material designated as Confidential Information under this Protective Order are hereinafter referred to as "Receiving Party." Designation of written material shall be done by stamping or otherwise physically marking the material on each page with the appropriate classification. Any copy made of any such document or thing, or any abstract, summary, memorandum, or paper filed with the Court that contains or embodies information designated pursuant to this Protective Order, shall have the material on each page stamped or otherwise physically marked consistent with the marking of the information in the document from which the material is derived. The Designating Party may designate material as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if it is information that it reasonably believes is confidential, proprietary, or secret information that is used by it in furtherance of its business enterprise, which that party normally would not reveal to third parties, or, if disclosed, would cause such third parties to maintain in confidence. The Designating Party may designate material as HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if it is technical, financial, pricing, costs, sales, marketing,

business strategy, customer information or other information that it reasonably believes is, in addition to being confidential, proprietary, secret, or particularly competitively sensitive. Except as expressly provided hereinafter, parties receiving any such Confidential Information shall maintain it in confidence in accordance with the requirements of this Protective Order, and shall not use it for any purpose other than for the prosecution or defense of this action. The fact that a Designating Party has designated any material as Confidential Information shall not preclude any other party to the litigation from challenging such designation in accordance with paragraph 8 hereof. However, the Receiving Party may not act unilaterally, and shall treat all designated materials in accordance with the designation by the Designating Party, except as is otherwise agreed with the Designating Party or by order of this Court. The Receiving Party is to stamp or mark any materials in its possession or control to correspond to any redesignation that takes place in accordance with the terms of this Protective Order. At the time a document or portion thereof is made available for inspection to the Receiving Party, it is a sufficient designation of Confidential Information materials for the Designating Party to make the designation on copies of the materials actually delivered to the Receiving Party, and it is not required that designation be on the materials at the time of the Receiving Party's inspection for the purpose of identifying materials to be copied. Either Confidential Information designation does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3. Documents which May be Designated Confidential Information.** Any party may designate documents as Confidential Information but only after review of the

documents by an attorney[1] who has in good faith determined that the documents contain information that is CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, or HIGHLY-CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER as defined in paragraph 2. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as Confidential Information.

**4. Depositions.** During a deposition and for ten (10) business days after a party receives its copy of the transcript, the contents shall be treated as HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective Order. Within that ten (10) business day period, any party to the lawsuit or deposition witness who is not a party wishing to designate any or all of the deposition transcript as Confidential Information in accordance with the terms of this Protective Order shall designate in writing to all other counsel of record those portions of the transcript containing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and those portions of the transcript containing HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER material and all counsel that received a copy of the transcript shall immediately stamp the designated portions CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, as designated, on the original and all copies of the transcript. If material

---

[1] An attorney who reviews the documents and designates them as Confidential Information must be admitted to the Bar of at least one state but need not be admitted to practice in the District of Delaware and need not file the certification required of visiting lawyers by Local Rule 83.1(c) unless he/she is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

designated by a third party as Confidential Information appears in the transcript, counsel who caused the material to be included in the transcript shall, within that ten (10) business day period, similarly designate the portion or portions of the deposition transcript as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.  Portions designated as Confidential Information shall be treated as designated, and any portions not so designated shall no longer be treated as containing Confidential Information.  Any deposition transcript, trial transcript, or deposition videotape which contains Confidential Information material shall further have marked CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER on the cover page of the transcript, or on the container of the tape.  Aside from the deponent, only persons entitled to receive material designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under the terms of this Order and who have signed the Acknowledgment attached as Attachment A (hereafter, "persons who have signed the Acknowledgment"), shall be permitted to attend the portions of the deposition where such Confidential Information is being discussed and if not eligible to receive the Confidential Information shall leave the room where the deposition is being taken.

    **5. Protection of Confidential Material.**

    **(a) General Protections.**  Documents designated as Confidential Information under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 5(b) for any purpose

whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** Material designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following persons, subject to satisfaction of conditions set forth in subparagraph 5(c) below, except upon the prior written consent of the Designating Party:

> **(1) Counsel.** Counsel of record for the parties, together with the employees of counsel of record who have responsibility for assisting counsel of record in the preparation and trial of the action;
>
> **(2) Parties.** Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;
>
> **(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;
>
> **(4) Contractors and Jury Consultants.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents or for consulting with the parties regarding jury selection but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5) Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment B, Consultants and Experts Acknowledgment of Understanding and Agreement to Be Bound; and

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

Except as otherwise agreed in writing by the Designating Party, material designated as HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER may be disclosed only to those listed in subparagraphs 5(b)(1), 5(b)(3), 5(b)(4), and 5(b)(5).

**(c) Prior Notice of Experts**. The Acknowledgment for each person identified in subparagraph 5(b)(5) shall be served upon opposing counsel and counsel for any other Designating Party by e-mail, facsimile and first-class mail prior to providing that person with access to any Confidential Information at least five (5) business days before the initial disclosure of Confidential Information. If, within the five (5) business day period, an objection to the proposed disclosure to such person is served by e-mail, facsimile and first-class mail upon counsel who provided the expert's name, disclosure is not permitted until the matter is resolved by

7

agreement of the parties or by order of the Court.  Consultants and experts consulted and/or retained in connection with matter who receive access to Highly Confidential Information shall not, for a period of 3 years from the date of the final resolution of this matter, be employed by or otherwise provide services to the Retaining Party.

**(d) Control of Documents.**  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential Information pursuant to the terms of this Order.  Counsel shall maintain the originals of the Acknowledgment forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

**(e) Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential Information under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists that do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(f)** Nothing in this Order shall preclude any party to this lawsuit or their attorneys from (1) showing a document designated as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER to an individual who either authored or was copied on the distribution of the document, as indicated on the document's face, prior to the filing of this action, or; (2) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER.

**6. Filing of Confidential Information Documents Under Seal.** Before any document designated as Confidential Information is filed with the Clerk the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. Any pleading, paper or other document filed in this Action which contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal pursuant to the Local Rules; shall include the designation "FILED UNDER SEAL" on the first page of the document; and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. Within 5 business days of filing a document Under Seal, counsel shall electronically file a redacted version of the sealed document using the docket code for Redacted Document located under Other Documents

**7. No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that

afforded by this Order unless the party moves for an order providing such special protection.

**8. Challenges by a Party to Designation as Confidential.** Designation of Confidential Information is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

**(a) Objection to Confidentiality.** Any party may serve upon the Designating Party written objection(s) to the designation of any document designated Confidential Information. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. Confidential Information documents to which objection has been made shall remain Confidential Information until designated otherwise by waiver, agreement or order of the Court.

**(b) Obligation to Meet and Confer.** The objecting party and the Designating Party shall have fifteen (15) days from service of the objection(s) to meet and confer, either in person or by telephone, in a good faith effort to resolve the objection(s) by agreement. If agreement is reached confirming, modifying, or waiving the Confidential Information designation as to any documents subject to the objections, the Designating Party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Obligation to File Motion.** In the absence of agreement as to any documents designated Confidential Information, the objecting party may file within 30 days of the service of the objection a motion contesting the Confidential Information

designation. In the event such a motion is filed, the Designating Party shall have the burden to show good cause for the Confidential Information designation.

**9. Action by the Court.** Applicants to the Court for an order relating to documents designated Confidential Information shall be by motion under Local Rule 7. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**10. Inadvertent Disclosure.** Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

**11. Attorney Client Privilege.** Any discovery documents produced in this litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving party promptly shall collect all copies of the documents and return them to the producing party. This provision, however, does not waive the receiving party's right to later contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure and other applicable law on grounds other than waiver.

**12. Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial Confidential Information or documents or information derived therefrom shall identify the issue, not

the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of Confidential Information Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as Confidential Information under this Order, including copies as defined in subparagraph 5(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be Confidential Information under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential Information documents.

**(c) Return of Documents Filed Under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**14. Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.

**15. No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential Information by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**16. Persons Bound.**  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | PEPPER HAMILTON LLP |
| By: */s/ Richard L. Horwitz*<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | By: */s/ M. Duncan Grant*<br>M. Duncan Grant (#2994)<br>1313 Market Street<br>Suite 5100<br>P.O. Box 1709<br>Wilmington, DE 19899<br>(302) 777-6500<br>grantm@pepperlaw.com |
| OF COUNSEL: | OF COUNSEL: |
| James G. Goggin, Esq.<br>VERRILL DANA, LLP<br>One Portland Square<br>PORTLAND, ME 04101<br>(207) 253-4602<br><br>George P. Field, Esq.<br>VERRILL DANA, LLP<br>One Boston Place<br>Suite 2330<br>Boston, MA 02108<br>(617) 367-0929<br><br>*Attorneys for Plaintiff* | W. Joseph Melnik<br>Pepper Hamilton LLP<br>One Mellon Center<br>500 Grant Street<br>50th Floor<br>Pittsburgh, PA 15219<br>(412) 454-5000<br><br>*Attorneys for Defendants* |

697887

      **IT IS SO ORDERED** this ____ day of September, 2005.

                                                _____
                                                U.S. District Court Judge

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOPAY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-25-SLR |
| | ) |
| SOLIDUS NETWORKS, INC. | ) |
| d/b/a PAY BY TOUCH, and | ) |
| INDIVOS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### ACKNOWLEDGMENT OF UNDERSTANDING
### AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated July ____, 2005, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Delaware in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned agrees that if he/she is consulted and/or retained in connection with matter and receives access to Highly Confidential Information, he/she shall not, for a period of 3 years from the date of the final resolution of this matter, be employed by or otherwise provide services to the Retaining Party.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____    _____
                                                                                                        Signature

## ATTACHMENT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOPAY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-25-SLR |
| | ) |
| SOLIDUS NETWORKS, INC. | ) |
| d/b/a PAY BY TOUCH, and | ) |
| INDIVOS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

### CONSULTANTS AND EXPERTS ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated July ____, 2005, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Delaware in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____     _____
                                                Signature